IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY EARL MILLER, <br> (TDCJ #1758655) <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-19-0271 |

## MEMORANDUM AND ORDER

Rodney Earl Miller, a Texas state inmate, has filed a motion for an extension of time to file a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Docket Entry No. 1). For reasons set out below, the court concludes that this case must be dismissed for want of jurisdiction.

In November 2011, Miller was convicted of indecency with a child in Cause Number C-29,905, pending in Ector County, Texas, and was sentenced to a 15-year prison term.[1] Miller filed a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure, which the Texas Court of Criminal Appeals denied on June 13, 2018. *Ex parte Miller*, Application No. WR-87,582-01.

On January 18, 2019, the court received Miller's motion for an extension of time to file a federal petition for a writ of habeas corpus. (Docket Entry No. 1). He has not filed a petition for

---

[1] The court takes judicial notice of information related to Miller's state-court proceedings from publicly available state-court records. *See* Website for the Texas Court of Criminal Appeals, available at http://www.txcourts.gov/cca (last visited January 28, 2019).

federal habeas corpus relief or otherwise described the claims he intends to raise. Nor has he paid the filing fee or requested leave to proceed without prepaying the filing fee.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), Miller's federal habeas corpus petition is subject to a one-year limitations period. 28 U.S.C. § 2244(d)(1). Miller's request for an extension of time asks to delay that deadline for filing. Because Miller has not yet filed a federal habeas corpus petition, there is no case, and no jurisdiction, for the court to consider whether that is appropriate. *See United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000) (a federal court lacks jurisdiction to consider whether a proposed collateral challenge under 28 U.S.C. § 2255 is timely, under AEDPA's one-year statute of limitations, until such a motion is actually filed); *United States v. McFarland*, 125 F. App'x 573 (5th Cir. 2005) (following *Leon*); *see also Fierro v. Cockrell*, 294 F.3d 674, 680 (5th Cir. 2003) (a motion seeking authorization to file a habeas petition is not an actual petition and does not toll the statute of limitations).

Under Article III of the Constitution, the judicial power of the federal courts is limited to "cases" or "controversies." *Leon*, 203 F.3d at 164 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239 (1937)). "[A] federal court lacks the power to render advisory opinions." *Id.* (quoting *U.S. Nat'l Bank v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (internal quotation marks and brackets omitted)). Unless a petitioner has filed a habeas corpus petition, there is no case or controversy and an opinion on the timeliness of a potential petition is hypothetical and advisory. *See Pounds v. Quarterman*, Civil No. 3:08-CV-0416-K, 2008 WL 1776456, *1 (N.D. Tex. April 14, 2008); *see also Heileman v. Court of Criminal Appeals*, Civil No. 1:08-CV-0395, 2008 WL

3914123, *2 (E.D. Tex. Aug. 19, 2008) (rejecting a habeas petitioner's motion for an extension of time and dismissing without prejudice for lack of subject-matter jurisdiction).

If or when Miller files a federal habeas corpus petition, the court may then consider whether the petition is timely. Until he submits a petition, however, there is no federal court jurisdiction to consider the matter.

The motion for an extension of time to file a § 2254 petition, (Docket Entry No. 1), is denied. This proceeding is dismissed without prejudice for want of jurisdiction. A certificate of appealablity is denied.

SIGNED on January 28, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge